```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


SOUTHERN BREEZE, L.L.C AND THREE           CIVIL ACTION
DIVAS AND A SUGAR DADDY, INC.


VERSUS                                     NO: 11-00555


NK NEWLOOK, INC. ET AL.                    SECTION: R(4)
```

### ORDER AND REASONS

Before this Court is plaintiffs' motion to remand the case to state court[1]. Defendant, Jean Philippe Meunier, opposes the motion. Because defendant failed to file a motion to remove the case to federal court within the statutory time limit, plaintiffs' motion to remand to state court is GRANTED.

### I. Background

This case concerns a contract dispute. On January 4, 2011, plaintiffs Southern Breeze, L.L.C. and Three Divas and a Sugar Daddy, L.L.C. sued defendants NK Newlook, Inc., NK Newlook Industries, Inc., Robert Nottin, Jean Phillipe Meunier, David Hollingshead, Prodictive, L.L.C., and David Bitton for rescission of sale and breach of contract in the 22nd Judicial District Court for the Parish of St. Tammany, Louisiana.[2] Defendant Robert Nottin

---

[1] R. Doc. 6.

[2] R. Doc. 1.

was served on January 14, 2011.[3] Defendants David Bitton and Prodictive, L.L.C. were served on January 15, 2011.[4] Defendant Meunier was not served, but filed a notice of removal to federal court on the basis of diversity of citizenship on March 10, 2011.[5] Defendant Meunier submitted a consent to removal signed by all parties on March 22, 2011.[6]

## II. Discussion

A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the suit. *See* 28 U.S.C. § 1441(a). To remove a case from state court to federal court, a defendant must file a notice of removal. *See id.* § 1446(a). This notice must be filed within thirty days of service on the defendant. *Id.* § 1446(b). The thirty-day limit is not jurisdictional, *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1263 (5th Cir. 1988), but because removal raises significant federalism concerns, courts construe removal requirements strictly. *See Gutierrez v. Flores*, 543 F.3d 248, 251

---

[3] R. Doc. 6.

[4] *Id.* NK Newlook, Inc. received notice of suit by certified mail, but the receipt is undated. The outcome of this motion is unaffected by the precise date plaintiffs served NK Newlook. R. Doc. 6-2.

[5] R. Doc. 1.

[6] R. Doc. 5.

(5th Cir. 2008); *Aucoin v. Gulf South Pipeline Co., L.P.*, No. 04-824, 2004 WL 1196980, at *1 (E.D. La. May 26, 2004).

A.  *First-Served Defendant Rule*

The Fifth Circuit interprets 28 U.S.C. § 1446 to require all properly joined and served defendants to consent to removal. *Getty Oil Corp.*, 841 F.2d at 1262. If a defendant fails to consent, the petition is defective. *Id.* Under this "rule of unanimity," it is not necessary for each defendant to sign the notice of removal, "but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so." *Id.* at 1262 n.11. In addition, the Fifth Circuit follows the first-served defendant rule. Under this rule, the thirty-day period for removal begins to run as soon as the first defendant is served. *Id.* at 1263. The combined effect of the rule of unanimity and the first-served defendant rule is to require that "all served defendants...join in the petition no later than thirty days from the day on which the first defendant was served." *Id.*

In this case, defendant Nottin was served on January 14, 2011. Defendant Meunier did not file a motion to remove the case until March 10, 2011,[7] a date more than thirty days from the time that

---

[7] Although plaintiff had not yet served Meunier when Meunier filed his removal petition, a defendant need not be formally served before seeking removal. *Delgado v. Shell Oil Co.*,

3

the first defendant was served.  Because defendants failed to meet the deadline for removal, the Court must remand this matter to state court.

In some cases, "[e]xceptional circumstances might permit removal even when a later-joined defendant petitions more than precisely thirty days after the first defendant is served." *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986); *see, e.g.*, *Gills v. La.*, 294 F.3d 755, 759 (5th Cir. 2002)(finding an exceptional circumstance cured the untimely consent to removal by a public board where one of three board members required for action was the plaintiff).  The Court finds no such circumstances exist in this case.

Defendants urge the Court to abandon the first-served defendant rule and instead apply the last-served defendant rule. The last-served defendant rule gives each defendant thirty days from their date of service to file a notice of removal with the unanimous consent of the other defendants. *See, e.g.*, *Marano Enters. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 755-56 (8th Cir. 2001); *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1205 (11th Cir. 2008).  The Court declines defendants' invitation. The decision to disregard the first-served defendant rule must be made by the Fifth Circuit.  Until the Fifth Circuit chooses to do so, this Court must follow the Fifth Circuit's binding precedent.

---

231 F.3d 165 (5th Cir. 2000).

**III. Conclusion**

For the foregoing reasons, the Court REMANDS this matter to the 22nd Judicial District Court for the Parish of St. Tammany, Louisiana.

New Orleans, Louisiana, this __27th__ day of June, 2011.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE